FELLOWS *v.* JETER.

A power of attorney acknowledged in the presence of two witnesses, before a Louisiana Com-
missioner, appointed by the Governor to' exercise his office in another State, is an authentic
act, and may be properly annexed by a Notary, to an Act passed before him by the agent,
as evidence of his authority.   A copy of the Act thus executed, duly certified, is authentic
proof and may serve as evidence to authorize the issuing of an order of seizure and sale.

APPEAL from the Fourth District Court of the Parish of New Orleans,
*Reynolds,* J.   *Mott & Fraser,* for plaintiff.

*Steele* and *W. D. Hennen,* for defendants and appellants :

The act was not signed by Tinsley Jeter.   The power of attorney to John T.
Jeter was not an authentic act.

See *Livingston* v. *Dick,* 1 An. R. 323 ;  C. C, 2247.   In the case of *Living-
ston* v. *Dick,* the act of mortgage was signed by the parties and by two witnes-
ses, in the presence of the Notary, and yet the court held that it was not
authentic.   It was signed like this is.

The copy of an act, signed before a Commissioner, is not and was never con-
sidered to be admissible, as evidence of anything.   Nothing is by law made
admissible as evidence but the original.   See 4th section of Act of 1840, B. &
C. 165.

The court should have had an opportunity to examine the seal and signature
of the Commissioner.   See Act 1838, sec. 2. B. & C. 164 ; and 4th sec. of Act
of 1840, B. & C. 165.   This is their only means of judging of the genuineness
of an Act.

In the case of *Commercial Bank* v. *Routh,* 7 An. R. 128, where an Act was
executed before *William L. Poindexter,* a Notary Public in Concordia, and
the original was taken by the parties and deposited in the office of *H. Genas,*
and a copy certified by *Genas* was offered in evidence, the court held that he
was not the legal custodian of the Act and could not give a copy ;  so here we
hold that Mr. *Robert* is not the custodian of the power of attorney from *Tinsley
Jeter* to *John J. Jeter,* and a copy from him is no more admissible as evidence
than if made by any other man ;  it is not authentic.

VOORHIES, J.   This is an appeal from an order of seizure and sale.   One of the
grounds assigned, as error apparent on the face of the record, for the reversal of
the order is, that the power of attorney from the vendee to *John J. Jeter* was
not by authentic act.

*Tinsley Jeter,* represented by *John J. Jeter,* as his Attorney in fact, pur-
chased of the plaintiff, also represented by an Attorney in fact, certain lots of
ground situated in the city of New Orleans.   The notarial deed of sale between
the parties recited that *John J. Jeter* is the Agent and Attorney in fact of the
vendee, by virtue of a procuration annexed to and made a part thereof.   One of
the promissory notes signed by *John J. Jeter,* as agent of *Tinsley Jeter,* given
as a part of the price of the property thus conveyed, and duly identified by the
Notary with the act of sale, and a copy of the conveyance, together with a copy of
the power of attorney thereto annexed, constituted all the evidence on which
the Judge *a quo* granted the order of seizure and sale.   On the allegation that
the defendant was a resident of Philadelphia, a curator *ad hoc* was appointed to
represent him, at the instance of the plaintiff.

The power of attorney in question purports to have been signed by *Tinsley
Jeter* in presence of two witnesses, and acknowledged before *Wm. Henry
Rawle,* Commissioner, to take acknowledgments of deeds, &c., in the State of
Pennsylvania, for the State of Louisiana.

The Act of the 24th of March, 1840, confers upon such Commissioner the power " to take the acknowledgment and proof of the execution of any instruments of writing for the sale, transfer or assignment of any property movable or immovable, rights and debts; and also any power of attorney to be used or proved in this State before any court of justice or public officer. It declares that " every attestation or authentication made by such Commissioner, when, duly certified by him in the manner prescribed, &c., shall be good and available in law, and shall be received as proof as if taken or made before a competent officer of this State." Having full authority under this Statute to receive such acts as authentic, we think the Notary in this instance very properly annexed the power of attorney to the act of sale as proof of the answer ; and being thus annexed, it follows that this authentic original, became a part of the archives of his office; and consequently certified copies therefrom under his official seal must be considered as authentic. The cases relied on by the defendant are clearly distinguishable from the present. In *Tilden* v. *Dees*, 1. R. 408, it appeared that the *proces verbal* of adjudication purported to have been signed by *Gray* as the attorney in fact of *Tilden*, and no power of attorney had been exhibited either to the Probate Judge who made the sale, or to the District Judge who had issued the order of seizure and sale. In the *Commercial Bank* v. *Routh*, 7 A. 128, the act was executed before a Notary in Concordia, and the original taken by the parties and deposited in the office of another Notary, whose certified copy was offered in evidence and rejected; it was held, under the textual provisions of the Civil Code, art. 2247, that copies not certified by the Notary before whom the acts were passed, or by a power who was the legal custodian of them, or authorized by law to give copies, were inadmissable in evidence.

It is unnecessary to notice the other ground of error assigned as it has not been insisted upon in the oral argument of the defendant's counsel, and is besides clearly untenable.

It is, therefore, ordered and decreed that the judgment or order of seizure and sale granted in this case be affirmed with costs in both courts.